IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JESUS FARFAN ARROYO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-635-C |
| | § | |
| RODNEY W. CHANDLER, Warden, | § | |
| FCI-Fort Worth, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. Nature of the Case

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. Parties

Petitioner Jesus Farfan Arroyo, Reg. No. 56176-112, is a federal prisoner currently incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth.

## C. Procedural History

Petitioner is serving a 23-month term of imprisonment on his conviction for conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine in the United States District Court for the Eastern District of Texas, Sherman Division. (Resp't App. at 18-19) By way of this petition, petitioner seeks prior custody credit towards his federal sentence from July 2, 2011, the date he was arrested for violating bond conditions in his state criminal case, to November 8, 2012, the date his federal sentence was imposed. (Pet. at 5)

To establish the factual background of the case, the government provided the declaration of Dennis Melick, a Management Analyst at the Designation and Sentence Computation Center of the Bureau of Prisons (BOP), providing:

> . . .
>
> 2. In this position, I have access to inmates' records, Judgment and Commitment Orders, sentence computation letters, electronic data maintained on BOP's SENTRY computer system and BOP Program Statements.
>
> 3. My responsibilities include providing litigation assistance to the U.S. Attorney's Office when federal inmates challenge their sentence computations. This responsibility includes reviewing the accuracy of challenged sentence computations.
>
> 4. On October 1, 2013, I reviewed the sentence computation for the Petitioner, J Jesus Farfan Arroyo, Federal Register Number 19070-078. The review revealed that Petitioner is not entitled to any award of prior custody credit toward his federal sentence, as all time spent in detention, to include time spent on federal writ, was credited against his Texas state term.
>
> 5. It is my understanding that Petitioner requests prior custody credit toward his federal term for time spent in detention from July 2, 2011, to November 8, 2012.
>
> 6. On June 3, 2010, Petitioner was arrested by the Dallas County Sheriff's Department ("DCSD") in Dallas Texas, for Delivery of a Controlled

Substance. The arrest resulted in Case Number F-1045367, *The State of Texas v. J Jesus Farfan Arroyo*, in the 195th Judicial District Court of Dallas County, Texas. On June 28, 2010, Petitioner was released on bond.

7. On July 2, 2011, Petitioner was arrested and held by the DCSD for violating his bond conditions.

8. On September 9, 2011, the United States Marshals Service ("USMS") for the Northern District of Texas borrowed Petitioner pursuant to a Writ of Habeas Corpus Ad Prosequendum and transported him to the United States District Court for the Eastern District of Texas for his initial appearance in his federal case, *United States of America v. J Jesus Farfan Arroyo*, 4:11-cr-00006-046,

9. On November 8, 2012, in Case Number 4:11-cr-00006-046, Petitioner was sentenced to a 46 month term of imprisonment after pleading guilty to a violation of 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Methamphetamine. The sentence was ordered to run concurrently with any term imposed in the 195th Judicial District Court of Dallas County, Texas, Case Number F-1045367.

10. On November 20, 2012, the USMS returned Petitioner to Dallas County Jail and lodged a federal detainer for the 46 month federal term.

11. On November 27, 2012, Petitioner was sentenced in the 195th Judicial District, Dallas County, Texas, Case Number F-1045367, to an 8 year term for Attempted Delivery of a Controlled Substance, Methamphetamine. He was awarded 541 days of prior custody credit spanning June 3, 2010, to June 28, 2010, and July 2, 2011, through November 27, 2012.

12. On January 8, 2013, Petitioner's 46 month federal term imposed in Case Number 4:11-cr-00006-046 was amended to a 23 month term. The court again ordered the sentence to run concurrently with any term imposed in the 195th Judicial District Court of Dallas County, Texas, Case Number F-1045367.

13. On February 1, 2013, Petitioner's 8 year state term imposed in Case Number F-1045367 was amended to a 4 year term. TDCJ commenced the 4 year term on June 7, 2011, to accommodate for an award of 606 days of custody credit, spanning June 3, 2010, to June 28, 2010, and July 2, 2011, through February 1, 2013.

14. On March 28, 2013, DCSD mistakenly delivered Petitioner to the USMS and on April 2, 2013, he was returned to the DCSD.

15. On April 18, 2013, Petitioner was transferred from the DCSD to the TDCJ, and DCSD failed to notify the USMS of the transfer.

16. On May 6, 2013, TDCJ erroneously released Petitioner from his state sentence to the street instead of to the federal detainer. The federal detainer that was filed with the DCSD had not been provided to the TDCJ.

17. On May 31, 2013, Petitioner was arrested by the USMS to complete the residual balance of his federal term.

18. On July 11, 2013, to comply with 18 U.S.C. § 3585(a) and the Judgment and Commitment Order, Petitioner was granted a nunc pro tunc, retroactive designation, designated TDCJ as the facility for partial service of his federal sentence. This resulted in commencement of his federal sentence on the date of imposition, during which Texas maintained primary jurisdiction over Petitioner, rather than on May 31, 2013, the date he was received into exclusive federal custody.

19. The entirety of the time Petitioner is requesting prior custody credit for has been credited against his Texas state term. Texas retained primary jurisdiction over Petitioner at the time of federal sentencing, and did not relinquish their primary jurisdiction until May 6, 2013, when they released him to the street. Upon the erroneous release, his federal sentence was placed in inoperative, escape status from May 7, 2013, through May 30, 2013, since he was no longer in custody. After a sentence has begun to run, it becomes "inoperative" if it stops running for any reason and remains inoperative until resumption. Under 18 U.S.C. § 3585, an inmate must be in official detention to receive prior custody credit. Therefore, BOP has no authority to grant credit toward the service of a sentence when a prisoner is not in official detention.

20. Petitioner's federal sentence commenced on November 8, 2012, the date of imposition, and he has been awarded no prior custody credit. His projected Good Conduct Time release date is August 2, 2014.

21. Petitioner has never filed a single administrative remedy in the BOP administrative remedy system concerning any subject matter.

. . .

(Resp't App. at 1-5)

4

## D. Discussion

Respondent claims the petition should be dismissed based on petitioner's failure to exhaust his administrative remedies, or, in the alternative, denied on the merits. (Resp't Resp. at 1, 4-5)

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990). An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time intervals. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

According to the declaration of Dennis Melick, petitioner has "never filed a single administrative remedy in the BOP administrative remedy system concerning any subject matter." (Resp't App. at 5) Nor has petitioner alleged or presented evidence that he has exhausted the administrative process. Thus, the petition should be dismissed for failing to exhaust administrative remedies.

Further, petitioner's claims are without merit. When assessing federal sentence calculations, there are two related yet distinct issues: (1) when service of the sentence commenced, and (2) the extent to which the defendant should be awarded credit for time spent in custody prior to commencing his or her sentence. 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit

against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> <u>*that has not been credited against another sentence.*</u>

18 U.S.C. § 3585 (emphasis added).

Section 3585(b) dictates that petitioner is not entitled to credit on his federal sentence because the time at issue was credited to his state sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). The Supreme Court has explained that when Congress enacted the statute it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). In accordance with the statute, BOP Program Statement 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Consequently, petitioner is not entitled to credit against his 23-month federal sentence for any time credited to his state sentence. This includes the time he was on federal writ ad prosequendum. *United States v. Cibrian*, No. 09-40048, 2010 WL 1141676, at *2 (5th Cir.), *cert. denied*, 131 S. Ct. 195 (2010); *Richardson v.*

*Outlaw*, 274 Fed. Appx. 353, 353-54, 2008 WL 1747085, at *1 (5th Cir. Apr. 15, 2008); *Crain v. Keffer*, No. 4:12-CV-699-Y, 2013 WL 1718092, at *2 (N.D.Tex. Mar. 21, 2013), *adopted by* 2013 WL 1715488 (N.D.Tex. Apr. 19, 2013). Habeas corpus ad prosequendum acts only as "a 'loan' of the prisoner" to another sovereign without transferring primary custody. *Richardson*, 274 Fed. Appx. at 353-54, 2008 WL 1747085, at *1. Nor is the placement of a federal detainer a factor when making credit determinations under the provisions of § 3585(b). *Dovalina*, 711 F.2d at 740.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that the petition for writ of habeas corpus be DISMISSED on exhaustion grounds.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February __5__, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 5, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 15, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE